O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL PAUL,<br><br>        Plaintiff,<br><br>  v.<br><br>C. GIBSON,<br><br>        Defendants. | Case No. EDCV12-6238(VAP)(JEM)<br><br>**ORDER DENYING MOTION BY PLAINTIFF TO DISQUALIFY HON. JOHN E. McDERMOTT**<br><br>**[Motion filed on November 5, 2015 ]** |

    On November 12, 2015, Plaintiff filed a document entitled "Notice of Motion: for Recusal of Magistrate Judge John E. McDermott." (Doc. No. 55.) The Motion was referred to this Court for determination pursuant to General Order 08-05 and Local Rule 72-5. (Doc. No. 58.) The Motion is appropriate for resolution without hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court DENIES the Motion.

**LEGAL STANDARD**

Plaintiff cites no legal authority in support of his request for recusal. Two statutes govern motions to disqualify, 28 U.S.C. § 144 and 18 U.S.C. § 455(a).

Section 455(a) of Title 28 provides:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Section 144 of Title 28 provides in pertinent part:
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Thus, the question before this Court is whether a reasonable person, knowing all the facts, would conclude the challenged judge's impartiality is subject to question. United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2001). See also U.S. v. Hernandez, 109 F.3d

1450, 1453 (9th Cir. 1997); U.S. v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and even remarks by a judge that are critical, disapproving of, or hostile to a party will not ordinarily support a challenge on the basis of bias or partiality. Liteky v. United States, 510 U.S. 540, 555 (1994); see also Studley, 783 F.2d at 939 (judge's prior rulings adverse to a tax-protestor defendant were not sufficient cause for recusal). Furthermore, Judicial impartiality is presumed. See First Interstate Bank v. Murphy, 210 F.3d 983, 987 (9th Cir. 2000); United States v. Zagari, 419 F.Supp. 494, 501 (N.D. Cal. 1976).

The party seeking disqualification bears a "substantial burden" of showing otherwise, and affidavits in support of disqualification are strictly construed against the party seeking disqualification. Id. The affidavit must set forth "facts and reasons" establishing the judge's bias, including: material facts stated with particularity; facts that, if true, would convince a reasonable person that bias exists; and facts showing that the bias is personal, rather than judicial, in nature. Reiffin v. Microsoft Corp., 158 F. Supp. 2d 1016, 1021-22 (N.D. Cal. 2001).

**DISCUSSION**

Plaintiff's asserted grounds for disqualification fail. The sole basis for his recusal request is that he did not give his consent for a magistrate judge to make a Report and Recommendation on his §2254 claim and that Judge McDermott has "misstated the facts in resolving a Constitutional claim . . . and shown a blatant disregard concerning Petitioner's Sixth and Fourteenth Amendments of Due Process of Law." Under Local Rule 72-3, which governs Section 2254 cases, Magistrate Judges may conduct "necessary proceedings," including filing "a report which may contain proposed findings of fact, conclusions of law and recommendations for disposition." Petitioner's Motion is unsupported by any affidavit or evidence that Judge McDermott harbors any prejudice or bias, nor that any reasonable person would so conclude. No proof of bias or prejudice stemming from an extrajudicial source has been presented; indeed, no proof of any bias or prejudice has been made at all.

**CONCLUSION**

Plaintiff having failed to demonstrate grounds for any of the relief sought, the Court DENIES the Motion.

Dated: <u>November 18, 2015</u>  _____
VIRGINIA A. PHILLIPS
United States District Judge